IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KAYLA MCNATT                                                                              PLAINTIFF

V.                                                            CIVIL ACTION NO. 1:10CV330-B-S

NPC INTERNATIONAL, INC., OWNER
OF PIZZA HUT RESTAURANT OF
IUKA, MISSISSIPPI                                                                        DEFENDANT

## MEMORANDUM OPINION

Presently before the court is the defendant's motion to dismiss and the plaintiff's motion for leave to file second amended complaint. Upon due consideration of the motions, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Kayla McNatt, filed this action on December 20, 2010, alleging various claims against her former employer, the defendant NPC International, Inc., owner of Pizza Hut Restaurant of Iuka, Mississippi ("NPC"), including Title VII claims for hostile work environment and sexual harassment. The plaintiff was employed by NPC from approximately July 1, 2008, until approximately March 31, 2009, during which she alleges she was subjected to sexual harassment and a hostile work environment created by her supervisors Thomas Clayton Havers and his wife, Kathy Havers. The plaintiff alleges that Thomas Havers frequently followed her around the restaurant, cornered her in the back of the restaurant, touched her face and private parts of her body, and regularly required her to stay at the restaurant past closing time. Despite numerous requests to upper level store management, including Kathy Havers, and the district manager, the plaintiff contends no action was taken to prevent the sexual harassment or correct the hostile work environment. The plaintiff terminated her employment in March

2009 due to these conditions. In addition to the Title VII claims, the plaintiff asserts state law tort claims of assault and battery, outrage, emotional distress, negligent hiring, negligent retention, and negligent supervision.

The plaintiff alleges she prepared her sworn statement and charge of discrimination to be sent to the Equal Employment Opportunity Commission ("EEOC") on August 18, 2009. The plaintiff's attorney prepared and dated a retention letter on September 24, 2009, to be sent to the EEOC along with the charge. This letter and the charge of discrimination were apparently not mailed until sometime after this date, however, because the EEOC stamped them both "received" on October 13, 2009. According to the EEOC, the charge was not perfected until November 17, 2009. On September 24, 2010, the EEOC dismissed the plaintiff's charge as untimely filed. The plaintiff subsequently filed this action, and the defendant has now moved to dismiss. The plaintiff did not respond to the motion to dismiss but instead filed a motion for leave to file second amended complaint. The first amended complaint contains a clerical error mistakenly asserting that the plaintiff's EEOC charge was perfected on October 19, 2010. The plaintiff seeks to amend to change the date to October 19, 2009.

## Standard of Review

A Rule 12(b)(6) motion to dismiss is "viewed with disfavor and is rarely granted." *Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The complaint is liberally construed in the plaintiff's favor, and all well-pleaded facts in the complaint are taken as true." *Priester v. Lowndes County*, 354 F.3d 414, 419 (5th Cir. 2004). "The determining issue is not whether the plaintiff will ultimately prevail on the merits, but whether he is entitled to offer evidence to support his claim." *Priester*, 354 F.3d at 419 (citing *Jones v. Greninger*, 188 F.3d

322, 324 (5th Cir. 1999)). The court will not dismiss the plaintiff's claim, therefore, "unless the plaintiff will not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in his complaint." *Id.* The court, however, will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

In ruling on a Rule 12(b)(6) motion to dismiss, the court generally may not look beyond the pleadings. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). Matters of public record and matters of which the court may take judicial notice as well as documents attached to the complaint are exceptions. *Id.* at 1343 n.6; *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Further, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2001).

Analysis

*Motion to Dismiss*

The Fifth Circuit "has long required plaintiffs to exhaust their administrative remedies before bringing suit under Title VII." *Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 597 (5th Cir. 2006). "In order to file suit under Title VII, a plaintiff first must file a charge with the EEOC within 180 days of the alleged discriminatory act." *Id.*; 42 U.S.C. § 2000e-5(e)(1). "This time limit operates as a statute of limitations." *Hood v. Sears Roebuck and Co.*, 168 F.3d 231, 232 (5th Cir. 1999) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

Claims filed outside the 180-day period are time-barred unless the claimant shows justification for equitable tolling of the limitations period. *Id.*

The plaintiff asserts that because of the hostile work environment, she terminated her employment with the defendant on March 31, 2009. She should have, therefore, filed her charge of discrimination with the EEOC no later than September 27, 2009. "Charges arising in jurisdictions having no FEP agency are filed with the [Equal Employment Opportunity] Commission upon receipt. Such charges are timely filed if received by the Commission within 180 days from the date of the alleged violation." 29 C.F.R. § 1601.13(a)(1). The plaintiff's charge of discrimination was stamped "received" by the EEOC on October 13, 2009, and it is the court's opinion that it should be deemed "filed" on that date.[1] The charge was filed outside the 180-day period, and the plaintiff's Title VII claims are therefore time-barred. Further, the plaintiff has proffered no argument that the 180-day period should be equitably tolled. Indeed, she did not respond to the motion to dismiss. The court finds that the plaintiff's Title VII claims must be dismissed.

The defendant also moves to dismiss the plaintiff's state law claims of assault and battery and outrage as time-barred. The statute of limitations for claims of assault and battery is one year. Miss. Code Ann. § 15-1-35. In Mississippi, the tort of "outrage" is "a tort more commonly known as the intentional infliction of emotional distress." *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 179 (Miss. 1999). "The claim for intentional infliction of emotional distress is subject to

---

[1]The court may consider the plaintiff's EEOC charge in ruling on the defendant's Rule 12(b)(6) motion although the document is "beyond the pleadings" because it is referenced in the plaintiff's complaint and is central to her Title VII claims. *See Causey*, 394 F.3d at 288, *supra*.

a one-year statute of limitations under Miss. Code Ann. § 15-1-35." *CitiFinancial Mortg. Co., Inc. v. Washington*, 967 So. 2d 16, 19 (Miss. 2007).

The plaintiff alleges she resigned her employment on March 31, 2009, which is the latest possible date her causes of action for the aforementioned torts could be deemed to have accrued. She filed the present action on December 20, 2010 – well over a year after the claims accrued. The claims are therefore barred by the applicable statute of limitations and must be dismissed.

The defendant also seeks dismissal of the plaintiff's claims of negligence: negligent hiring, negligent retention, and negligent supervision. The defendant asserts that these claims are barred by the exclusivity provision of the Mississippi Workers' Compensation Act, Miss. Code Ann. § 71-3-9. The statute states in relevant part:

> The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to employee . . . and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death . . . .

The Mississippi Supreme Court has held that "the Act immunizes employers and co-employees for liability under common law negligence." *Russell v. Orr*, 700 So. 2d 619, 626 (Miss. 1997). The plaintiff having failed to set forth any argument as to why her claims should be excepted from the Act's exclusivity provision, the court finds that her negligence claims are barred and shall therefore be dismissed.

*Motion For Leave to File Second Amended Complaint*

The plaintiff moves the court to amend her complaint to change the date her EEOC charge was allegedly perfected from October 19, 2010, to October 19, 2009.[2] Federal Rule of

---

[2] The plaintiff submits the date October 19 in her proffered Second Amended Complaint but October 18 in her motion for leave to file said complaint.

Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." The court would be inclined to grant this motion, as the 2010 date is obviously a clerical error, but granting the motion would be futile. In determining whether to exercise its discretion and allow a plaintiff to amend her complaint, the court may consider a variety of factors. Among these factors is "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Changing the date her EEOC charge was perfected to October 19, 2009, does not offer the plaintiff relief. If this is in fact the date the plaintiff's charge was perfected, the perfected charge would relate back to the date of the initial filing,[3] October 13, 2009, and as addressed above, that date is outside the 180-day period during which the plaintiff had to file her claim with the EEOC. The amendment is therefore futile, and the plaintiff's motion shall be denied.

## Conclusion

For the foregoing reasons, the plaintiff's motion for leave to file second amended complaint shall be denied, and the defendant's motion to dismiss shall be granted. A separate order in accord with this opinion shall issue this day.

This, the 14th day of March, 2012.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[3] 29 C.F.R. § 1601.12(b).